# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>**NANCY AUSTIN**<br>     Debtor. | CHAPTER 13<br><br>CASE NO. 10-95385-crm |

### NOTICE OF ASSIGNMENT OF HEARING

**PLEASE TAKE NOTICE** that CITIMORTGAGE, INC.  has filed a motion for relief and related papers with the Court.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the motion for relief from the automatic stay at Court Address at 75 Spring Street, SW, Courtroom 1203, Atlanta, GA 30303 at 09:30 AM on March 25, 2014.

Your rights may be affected by the court's ruling on these pleadings.  You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)  If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you or your attorney must attend the hearing.  You may also file a written response to the pleadings with the Clerk at the address: Suite 1340, 75 Spring Street, Atlanta, GA 30303, but you are not required to do so.  If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response.  Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing.  You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date.  If a final decision is not rendered by the Court within sixty (60) days of the date of the request, Movant waives the requirement that a final decision be issued within that period. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated:  February 28, 2014

<u>/s/S. Andrew Shuping, Jr.</u>
S. Andrew Shuping, Jr.
Counsel for Movant
6259 Riverdale Road, Suite 100
Riverdale, GA 30274
770-991-0000

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| In re: | CHAPTER 13 |
|---|---|
| **NANCY AUSTIN**      Debtor. | CASE NO. 10-95385-crm |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**(REAL PROPERTY)**

CITIMORTGAGE, INC. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor having an address of 4579 GLENFOREST DRIVE NE, ROSWELL, GA 30075 (the "Property"), for all purposes allowed by law, the Note (defined below), the Security Deed (defined below), applicable law, including but not limited to the right to foreclose.  In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on November 29, 2010.

2. The Chapter 13 Plan was confirmed on July 22, 2011.

3. The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $195,895.00 (the "Note").  A copy of the Note is attached hereto as Exhibit A.  Movant is an entity entitled to enforce the Note.

4. Pursuant to that certain Security Deed (the "Security Deed"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Security Deed are secured by the Property.  A copy of the Security Deed is attached hereto as Exhibit B.

5. All rights and remedies under the Security Deed have been assigned to the Movant pursuant to that certain assignment of Security Deed, a copy of which is attached hereto as Exhibit C.

6. CitiMortgage, Inc. services the loan on the Property referenced in this Motion for Relief. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of CitiMortgage, Inc. "Noteholder".  Noteholder directly or through an agent, has possession of the Promissory Note. The Promissory Note is either payable to Noteholder or has been duly endorsed. Noteholder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.

7. The legal description of the Property and recording information is set forth in the Security Deed, a copy of which is attached hereto, and such description and information is incorporated and made a part hereof by reference.

8. As of February 25, 2014, the outstanding amount of the obligations less any partial payments or suspense balance is $187,030.42.  This does not include the attorneys` fees and expenses incurred in connection with preparing and pursuing this Motion, which fees and expenses are set forth in more detail below.

9. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $826.00 **in legal fees and costs**.  Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

10. The following chart sets forth the number and amount of post petition payments due pursuant to the terms of the Note that have been missed by the Debtor as of February 25, 2014:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 1 | 09/01/2013 | 09/01/2013 | $1,435.01 | $1,435.01 |
| 5 | 10/01/2013 | 02/01/2014 | $1,433.64 | $7,168.20 |
| Less postpetition partial payments (suspense balance): | | | ($52.43) | |

**Total: $8,550.78**

11. The estimated market value of the Property is $189,400.00. The basis for such valuation is the fair market value as reflected on Debtor`s Schedule A.

12. Cause exists for relief from the automatic stay for the following reasons:

a) The fair market value of the property is declining and payments are not being made to Movant sufficient to protect Movant's interest against the decline.

b) Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by law, the Note, the Security Deed, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4.  For such other relief as the Court deems proper.

Movant further requests that upon entry of an order granting relief from stay, it be

exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy

case.

Respectfully submitted,

BY:  /s/ S. Andrew Shuping, Jr.
S. Andrew Shuping, Jr.
Attorney for Movant
State Bar No. 644475

SHUPING, MORSE & ROSS, L.L.P.
6259 Riverdale Road
Riverdale, GA 30274
770-991-0000

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: | CHAPTER 13 |
| **NANCY AUSTIN** | |
| Debtor. | CASE NO. 10-95385-crm |

**AFFIDAVIT SUPPORTING MOTION FOR RELIEF FROM AUTOMATIC STAY**

STATE OF  _Kentucky_  )
                                              ) ss.
COUNTY OF  _Boone_  )

Before me, the undersigned authority, personally appeared the person identified below, who being by me duly sworn, deposed as follows:

1.    My name is  _Renae Turner_ . I am of sound mind, lawful age and capable of making this Affidavit. The statements set forth in this Affidavit are true and correct based on my personal knowledge and review of the business records described herein. I am authorized to make this Affidavit on behalf of CitiMortgage, Inc..

2.    This Affidavit is submitted in support of the motion seeking relief from the automatic stay (the "Motion") by CitiMortgage, Inc., its Successors and/or Assigns ("Movant"), in the above-captioned case.

3.    I am employed by CitiMortgage, Inc. as a Vice President-Document Control. In that capacity, I am familiar with the books of account and have examined all books, records, and documents kept concerning the transaction alleged in the Motion. All of these books, records, and documents are kept in the regular course of business and are made at or near the time of transaction using information transmitted by persons with personal knowledge of the facts. It is the regular practice to make and keep these books, records and documents. All of these books, records, and documents are managed by employees or agents whose duty it is to keep the books, records, and documents accurately and completely.

4.    My responsibilities include, but are not limited to, handling bankruptcy accounts and ascertaining amounts due and payable.

5.    I have personal knowledge of the facts contained in this Affidavit. Specifically, I have reviewed and have personal knowledge of the records related to the loan account associated with the certain property described as 4579 GLENFOREST DRIVE NE, ROSWELL, GA 30075.

6.      Movant is the current holder of the Security Deed. A true and correct copy of the Security Deed is attached hereto as Exhibit B and incorporated herein by reference. A true and correct copy of the assignment of the Security Deed is attached hereto as Exhibit B and incorporated herein by reference.

7.      Movant is the current holder of the note. A true and correct copy of the note is attached hereto as Exhibit A, and incorporated herein by reference.

8.      As of February 25, 2014, there are one or more defaults in paying Debtor post-petition amounts due with respect to the note.

9.      As of February 25, 2014, the principal balance owed by the Debtor to CitiMortgage, Inc. is $178,637.08, plus advances made, attorney fees, costs, other fees and charges, and interest accruing thereon in accordance with the loan documents.

10.     The following chart sets forth those postpetition payments, due pursuant to the terms of the Note, that have missed by the Debtor as of February 25, 2014:

| Number of Missed Payments | From | To | Missed Principal and Interest | Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 1 | 09/01/2013 | 09/01/2013 | $1,174.49 | $260.52 | $1,435.01 | $1,435.01 |
| 5 | 10/01/2013 | 02/01/2014 | $1,174.49 | $259.15 | $1,433.64 | $7,168.20 |

Less postpetition partial payments (suspense balance):        ($52.43)

**Total:** $8550.78

11.     As of February 25, 2014, the total postpetition arrearage/delinquency is $8,550.78, consisting of (i) the foregoing total of missed postpetition payments in the amount of $8,550.78, plus (ii) the following postpetition fees [1]:

| Description | Amount |
|---|---|
| N/A | N/A |

---

[1] The total of missed postpetition payments for this escrow loan include any missed escrow payments. Such missed escrow payments include amounts assessed for taxes and insurance and any previously assessed escrow shortage amount (if applicable). To avoid duplication, postpetition advances (if any) made for insurance, real estate taxes, or similar charges are not listed separately to the extent such advances would have been paid from the missed escrow payments. As part of the next annual RESPA analysis, movant will determine whether the escrow payments assessed to the debtor (including the missed escrow payments) result in a projected escrow shortage or overage. All rights are hereby reserved to assert or request any escrow amounts in accordance with RESPA and the total postpetition arrearage/delinquency is qualified accordingly.

12.    Attached hereto as Exhibit D is a post petition payment history.

I solemnly affirm under the penalty of perjury and upon personal knowledge that the contents of the foregoing paper are true.

Affiant _Renee Turner_

Printed name: _Renee Turner_

Title: Vice President-Document Control

Date: _February 27, 2014_

STATE OF _Kentucky_ )
                                      ) ss.
COUNTY OF _Boone_ )

On this _27th_ day of _February_, 2014, before the undersigned Notary Public in and for the state of _Kentucky_, personally appeared _Renee Turner_, known to me to be the person who executed the Affidavit on behalf of the above-named Movant, and acknowledged to me that he/she executed the same for the purposes therein stated.

_Deborah Pogue_

Notary Public
My commission expires: 9-7-2014

**DEBORAH POGUE**
Notary Public, Kentucky State at Large
My Commission Expires Sept. 7, 2014
Notary ID# 427370

# ORIGINAL

MIN

Loan ID #



Multistate                    **NOTE**        | HA Case No _____ 6-8

May 30th  2007                          MT  LAUREL  NJ
  [Date]                        [City]                        [State]

4579 GLENFOREST DRIVE NE  ROSWELL  Georgia 30075
                        [Property Address]

## 1  PARTIES
Borrower  means each person signing at the end of this Note  and the person s successors and assigns    Lender
means  **Superior Mortgage Corp**
and its successors and assigns

## 2  BORROWER S PROMISE TO PAY  INTEREST
In return for a loan received from Lender  Borrower promises to pay the principal sum of **One Hundred
Ninety Five Thousand Eight Hundred Ninety Five and no/100**                          Dollars
(U S $195 895 00        ) plus interest to the order of Lender  Interest will be charged on unpaid principal  from
the date of disbursement of the loan proceeds by Lender  at the rate of **Six**
percent (  **6 000**      %) per year until the full amount of principal has been paid

## 3  PROMISE TO PAY SECURED
Borrower s promise to pay is secured by a mortgage  deed of trust or similar security instrument that is dated the
same date as this Note and called the  Security Instrument   The Security Instrument protects the Lender from losses
which might result if Borrower defaults under this Note

## 4  MANNER OF PAYMENT
### (A) Time
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on
**July 1st  2007**   Any principal and interest remaining on the first day of  **June**    2037
will be due on that date  which is called the  Maturity Date
### (B) Place
Payment shall be made at  **854 South White Horse Pike Suite 4  Hammonton  New Jersey
08037**            or at such place as Lender may designate in writing by notice to Borrower
### (C) Amount
Each monthly payment of principal and interest will be in the amount of U S **$1 174 49**      This amount will
be part of a larger monthly payment required by the Security Instrument  that shall be applied to principal  interest and
other items in the order described in the Security Instrument
### (D) Allonge to this Note for Payment Adjustments
If an allonge providing for payment adjustments is executed by Borrower together with this Note  the covenants of
the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a
part of this Note  [Check applicable box]

☐ Graduated Payment Allonge        ☐ Other [specify]
☐ Growing Equity Allonge

## 5  BORROWER S RIGHT TO PREPAY
Borrower has the right to pay the debt evidenced by this Note  in whole or in part  without charge or penalty  on the
first day of any month  Lender shall accept prepayment on other days provided that Borrower pays interest on the
amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the
Secretary  If Borrower makes a partial prepayment  there will be no changes in the due date or in the amount of the
monthly payment unless Lender agrees in writing to those changes

## 6  BORROWER S FAILURE TO PAY
### (A) Late Charge for Overdue Payments
If Lender has not received the full monthly payment required by the Security Instrument  as described in Paragraph
4(C) of this Note by the end of **Fifteen**            calendar days after the payment is due  Lender may collect
a late charge in the amount of  **Four**                percent (  **4 000**    %) of the overdue
amount of each payment
### (B) Default
If Borrower defaults by failing to pay in full any monthly payment  then Lender may  except as limited by
regulations of the Secretary in the case of payment defaults  require immediate payment in full of the principal balance

Initials _____

# EXHIBIT "A"

Loan ID #

remaining due and all accrued interest  Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default  In many circumstances regulations issued by the Secretary will limit Lender s rights to require immediate payment in full in the case of payment defaults  This Note does not authorize acceleration when not permitted by HUD regulations  As used in this Note  Secretary  means the Secretary of Housing and Urban Development or his or her designee

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full as described above  Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys  fees for enforcing this Note to the extent not prohibited by applicable law  Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note

## 7  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor  Presentment means the right to require Lender to demand payment of amounts due  Notice of dishonor means the right to require Lender to give notice to other persons that amounts due have not been paid

## 8  GIVING OF NOTICES

Unless applicable law requires a different method  any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower s different address

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address

## 9  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note  each person is fully and personally obligated to keep all of the promises made in this Note  including the promise to pay the full amount owed  Any person who is a guarantor  surety or endorser of this Note is also obligated to do these things  Any person who takes over these obligations  including the obligations of a guarantor  surety or endorser of this Note is also obligated to keep all of the promises made in this Note  Lender may enforce its rights under this Note against each person individually or against all signatories together  Any one person signing this Note may be required to pay all of the amounts owed under this Note

BY SIGNING BELOW  Borrower accepts and agrees to the terms and covenants contained in this Note

_____ (Seal)
NANCY C  AUSTIN                                                    Borrower

_____ (Seal)
                                                                            Borrower

_____ (Seal)
                                                                            Borrower

Pay to the order of

"CitiMortgage  Inc "



PAY TO THE ORDER OF_____
WITHOUT RECOURSE

SUPERIOR MORTGAGE CORP

EVELYN ORTIZ
POST CLOSING SUPERVISOR

_____ (Seal)
without recourse on us CitiMortgage, Inc            Borrower

Janet L. Ash, Senior Vice President
CitiMortgage, Inc.

_____ (Seal)
                                                                            Borrower

_____ (Seal)
                                                                            Borrower

Deed Book 14535 Pg 6123
Filed and Recorded Sep-13-2007 09:49am
2007-0144594
Georgia Intangible Tax Paid $0.00

*Jay C. Stephenson*
Jay C. Stephenson
Clerk of Superior Court Cobb Cty. Ga.

Deed Book 14498 Pg 4666
Filed and Recorded Jun-07-2007 02:30pm
2007-0091035
Georgia Intangible Tax Paid $588.00

*Jay C. Stephenson*
Jay C. Stephenson
Clerk of Superior Court Cobb Cty. Ga.

RECORD AND RETURN TO:
Superior Mortgage Corp.
854 South White Horse Pike Suite 4
Hammonton, New Jersey 08037
SaveClose Services, LLC
302 Fellowship Rd.
Suite 120
Mt. Laurel, NJ 08054

[Space Above This Line For Recording Data]

State of Georgia

## SECURITY DEED

FHA Case No.

MIN
Loan ID

THIS SECURITY DEED ("Security Instrument") is given on   May   30th,   2007         . The
Grantor is **NANCY C. AUSTIN, AN UNMARRIED PERSON**

and whose address is   **4579 GLENFOREST DRIVE NE, ROSWELL, Georgia 30075**
                        ("Borrower").  This Security Instrument is given to Mortgage Electronic Registration
Systems, Inc., ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and
assigns), as grantee.  MERS is organized and existing under the laws of Delaware and has an address and
telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.  **Superior Mortgage
Corp.**                                                                      ("Lender") is organized
and existing under the laws of            **New Jersey**                    , and has an
address of   **854 South White Horse Pike Suite 4, Hammonton, New Jersey 08037**
Borrower owes Lender the principal sum of **One Hundred Ninety Five Thousand Eight Hundred
Ninety Five and no/100- - - - - - - -** Dollars (U.S. $ **195,895.00**       ).  This debt is
evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for
monthly payments, with the full debt, if not paid earlier, due and payable on **June   1st,   2037**
This Security Instrument secures to Lender:  (a) the repayment of the debt evidenced by the Note, with interest,
and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest,
advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of
Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower
does hereby grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns),
and the successors and assigns of MERS, with power of sale, the following described property located in
          **COBB**                        County, Georgia:
**LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.**

Parcel ID Number: **01-0033-0-012-0-0011-A-02**

which has the address of      **4579 GLENFOREST DRIVE NE,**              **ROSWELL**
                                          [Street]                                    [City]
**Georgia**      **30075**        ("Property Address"):
              [Zip Code]

    TO HAVE AND TO HOLD this property unto MERS (solely as nominee for Lender and Lender's
successors and assigns) and to the successors and assigns of MERS, forever, together with all the improvements

                                                                    Initials: ____

FHA Georgia Security Deed with MERS - 4/96                                         Amended 2/01
GAFMM1                          Page 1 of 6                                        www.ProClose.com

RE-RECORD MORTGAGE TO ADD THE WAIVER OF BORROWER'S RIGHTS.

# EXHIBIT "B"

Deed Book 14498 Pg 4667

Loan ID #

now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any

Initials

Deed Book 14535 Pg 6124

Deed Book 14498 Pg 4668

**Loan ID #**

application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

Initials: _____

www.ProClose.com

Deed Book 14535 Pg 6125

Deed Book 14498 Pg 4669

Loan ID #

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) No Waiver. If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) Mortgage Not Insured. Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Initials: ___

Deed Book 14535 Pg 6126

Deed Book 14498 P 4670

**Loan ID #**

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full of all sums under paragraph 9, Lender may invoke the power of sale granted by Borrower and any other remedies permitted by applicable law. Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall give a copy of a notice of sale to Borrower in the manner provided in paragraph 13 and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Lender determines. Lender or its designee may purchase the Property at any sale.**

Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by law.

If the Property is sold pursuant to this paragraph 18, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

**19. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**20. Waiver of Homestead.** Borrower waives all rights of homestead exemption in the Property.

**21. Assumption not a Novation.** Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

Initials: ___

Deed Book 14535 Pg 6127

Deed Book 14498 Pg 4671

Deed Book 14535 Pg 6128

Loan ID #

**22. Security Deed.** This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

**23. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

☐ Condominium Rider            ☐ Growing Equity Rider        ☐ Other [specify]
☐ Planned Unit Development Rider  ☐ Graduated Payment Rider

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

_____ (Seal)
NANCY C. AUSTIN                  -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

**STATE OF GEORGIA,**                     Fulton County ss:
Signed, sealed and delivered in the presence of:

_____ Andrew Thurmond
Unofficial Witness

My Commission Expires:

_____ David Kim
Notary Public,                        Fulton County
State of Georgia
(Sign & Print Name)

GAFMM6 -                                      www.ProClose.com

GRANTOR(S): NANCY C. AUSTIN

LENDER: Superior Mortgage Corp.
DATE OF SECURITY DEED: May 30th, 2007

Loan ID #

Deed Book 14535 Pg 6130
Jay C. Stephenson
Clerk of Superior Court Cobb Cty. Ga.

## WAIVER OF BORROWER'S RIGHTS

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE **RIGHT TO ACCELERATE** THE DEBT AND THE **POWER OF ATTORNEY** GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF; (2) WAIVES ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

READ AND AGREED BY GRANTOR:

_____ (Seal)    _____ (Seal)
NANCY C. AUSTIN    -Grantor    -Grantor

_____ (Seal)    _____ (Seal)
-Grantor    -Grantor

_____ (Seal)    _____ (Seal)
-Grantor    -Grantor

Signed, Sealed and delivered in the presence of:

_____    _____
Unofficial Witness    Notary Public,
    My Commission Expires:    County

## CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Security Deed and "Waiver of the Borrower's Rights" by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions of the Security Deed and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights. After said review with and explanation to Borrower(s), Borrower(s) executed the Security Deed and "Waiver of Borrower's Rights."

Based on said review with and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

Sworn to and subscribed before me this _____ 30th, 2007    on the date set forth above.

_____    _____
Notary Public    Closing Attorney

## O.C.G.A. SECTION 7-1-1014(3)

O.C.G.A. Section 7-1-1014(3) requires that we inform you that if you fail to meet any condition or term of the documents that you sign in connection with obtaining a mortgage loan you may lose the property that serves as collateral for the mortgage loan through foreclosure.

_____ (Seal)    _____ (Seal)
NANCY C. AUSTIN    -Grantor    -Grantor

_____ (Seal)    _____ (Seal)
-Grantor    -Grantor

_____ (Seal)    _____ (Seal)
-Grantor    -Grantor

Signed, Sealed and delivered in the presence of:

_____    _____
Unofficial Witness    Notary Public

GAXAAI -

RightFax            5/30/2007 11:27:02 AM    PAGE    5/007    Fax Server

Deed Book 14535 Pg 6129

## EXHIBIT A

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND
LOT 33 OF THE 1ST DISTRICT, 2ND SECTION, COBB COUNTY,
GEORGIA, BEING LOT 11, BLOCK A OF GLENFOREST SUBDIVISION,
UNIT TWO, AS PER PLAT RECORDED IN PLAT BOOK 61, PAGE 119,
COBB COUNTY RECORDS, SAID PLAT BY THIS REFERENCE BEING
INCORPORATED HEREIN AND MADE A PART HEREOF FOR A MORE
COMPLETE DESCRIPTION.


ADDRESS: 4579 GLENFOREST DR.;  ROSWELL, GA 30075    TAX MAP
OR PARCEL ID NO.: 01-0033-0-012-0

Deed Book 14498 Pg 4672
Jay C. Stephenson
Clerk of Superior Court Cobb Cty. Ga.

Deed Book 14816 Pg 1778
Filed and Recorded Nov-29-2010 04:02pm
2010-0155614

*Jay C. Stephenson*
Jay C. Stephenson
Clerk of Superior Court Cobb Cty, Ga.

When Recorded, Return to:
Attn: Athens DocSol/Suborditions Deptartment
McCurdy & Candler, L.L.C.
3525 Piedmont Road NE, Six Piedmont Center, Suite 700
Atlanta, GA 30305

STATE OF  MISSOURI                    File No.
COUNTY OF  St. Charles

### ASSIGNMENT OF SECURITY DEED

FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc. as nominee
for Superior Mortgage Corp., its successors and assigns (hereinafter referred to as "Assignor")
hereby sells, assigns, transfers, sets over and conveys without recourse unto CitiMortgage, Inc.
(hereinafter referred to as "Assignee"), whose address is 5280 Corporate Drive Frederick, MD
21703, that certain Security Deed or Deed to Secure Debt executed by Nancy C. Austin  to
Mortgage Electronic Registration Systems, Inc. as nominee for Superior Mortgage Corp., its
successors and assigns  and dated May 30, 2007, recorded in Deed Book 14535, Page 6123,
Clerk's Office, Superior Court of Cobb  County, Georgia, together with the real property therein
described; and also the indebtedness described in said Deed and secured thereby, having this day
been transferred and assigned to the said Assignee together with all of Assignor's right, title and
interest in and to the said Deed, the property therein described and the indebtedness secured; and
the said Assignee is hereby subrogated to all the rights, powers, privileges and securities vested
in Assignor under and by virtue of the aforesaid Security Deed or Deed to Secure Debt.

# EXHIBIT "C"

Deed Book 14816 Pg 1779
Jay C. Stephenson
Clerk of Superior Court Cobb Cty. Ga.

Fila No

This Assignment of Security Deed is executed on this 17 day of November, 2010.

Signed, sealed and delivered
in the presence of:

Mortgage Electronic Registration Systems, Inc. as
nominee for Superior Mortgage Corp., its successors and
assigns

By: _____
Aaron Menne, Assistant Secretary

By: _____
Kim Koniovial, Assistant Secretary

_____
(Unofficial Witness)

_____
Notary Public

My Commission Expires: _____

| Debtor Name | Nancy Austin |
|---|---|
| Case No | 10-95385 |
| Account No | XXXX0836 |
| Ledger created on | 12/17/2013 |

| Date Recd | Code Legend | Code | Amount Received/ Reversed | Amount applied from Suspense | Trustee Payments | Principal | Interest | Escrow | Late charges | Other Fees | Debtor Suspense | Trustee Suspense | | Suspense | Contractual PDTD | Post PDTD | Trustee Check No | Out Standing PB |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/29/10 | BK Filed | | | | | | | | | | | | | | | | | |
| 01/13/11 | Debtor Payment Received | SRP | $1,499.94 | | POC filed iao $7568.70 with the suspense of $0.00 | | | | | | $1,499.94 | $0.00 | $1,499.94 | $0.00 | $1,499.94 | | 12/1/2010 | |
| 01/13/11 | Payment applied | PAP | | $1,499.94 | | $233.90 | $940.59 | $325.45 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 07/01/10 | | |
| 02/16/11 | Debtor Payment Received | SRP | $1,499.94 | | | | | | | | $1,499.94 | $0.00 | $1,499.94 | $0.00 | $1,499.94 | | 1/1/2011 | |
| 02/16/11 | Payment applied | PAP | | $1,499.94 | | $235.07 | $939.42 | $325.45 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 08/01/10 | | $187,648.79 |
| 03/16/11 | Debtor Payment Received | PAP | $1,499.94 | | | $236.25 | $938.24 | $325.45 | | | $0.00 | $0.00 | $1,499.94 | $0.00 | $1,499.94 | | 2/1/2011 | $187,412.54 |
| 04/21/11 | Debtor Payment Received | SRP | $1,499.94 | | | | | | | | $1,499.94 | $0.00 | $1,499.94 | $0.00 | $1,499.94 | | 3/1/2011 | |
| 04/21/11 | Payment applied | PAP | | $1,499.94 | | $237.43 | $937.06 | $325.45 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 10/01/10 | | $187,175.11 |
| 05/18/11 | Debtor Payment Received | SRP | $1,499.94 | | | | | | | | $1,499.94 | $0.00 | $1,499.94 | $0.00 | $1,499.94 | | 4/1/2011 | |
| 05/18/11 | Payment applied | PAP | | $1,499.94 | | $238.61 | $935.88 | $325.45 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 11/01/10 | | $186,936.50 |
| 06/22/11 | Debtor Payment Received | SRP | $1,499.94 | | | | | | | | $1,499.94 | $0.00 | $1,499.94 | $0.00 | $1,499.94 | | 5/1/2011 | |
| 06/22/11 | Payment applied | PAP | | $1,499.94 | | $239.81 | $934.68 | $325.45 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 12/01/10 | | $186,696.69 |
| 07/01/11 | Debtor Payment Received | SRT | $12.00 | | | | | | | | $12.00 | $0.00 | $12.00 | $0.00 | $12.00 | | | |
| 07/01/11 | 46-BIE-BATCH INSP EXP | SRT | | $12.00 | | | | | | $12.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | |
| 07/20/11 | Debtor Payment Received | SRP | $1,499.94 | | | | | | | | $1,499.94 | $0.00 | $1,499.94 | $0.00 | $1,499.94 | | 6/1/2011 | |
| 07/20/11 | Payment applied | PAP | | $1,499.94 | | $241.01 | $933.48 | $325.45 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 01/01/11 | | $186,455.68 |
| 08/05/11 | Trustee Payment Received | SRT | | | $1,008.79 | | | | | | $0.00 | $1,008.79 | $1,008.79 | $0.00 | $1,008.79 | | | 7407706 |
| 08/05/11 | 46-BIE-BATCH INSP EXP | SRT | $57.00 | | | | | | | $57.00 | $0.00 | $951.79 | $951.79 | $0.00 | $951.79 | | | |
| 08/25/11 | Debtor Payment Received | PAP | $1,499.94 | | | | | | | | $1,499.94 | $951.79 | $2,451.73 | $0.00 | $2,451.73 | | 7/1/2011 | |
| 08/25/11 | Payment applied | PAP | | $1,499.94 | | $242.21 | $932.28 | $325.45 | | | $1,499.94 | $951.79 | $951.79 | $0.00 | $951.79 | 02/01/11 | | $186,213.47 |
| 09/09/11 | Trustee Payment Received | SRT | | | $78.08 | | | | | | $0.00 | $1,029.87 | $1,029.87 | $0.00 | $1,029.87 | | | 7412935 |
| 09/26/11 | Debtor Payment Received | SRP | $1,499.94 | | | | | | | | $1,499.94 | $1,029.87 | $2,529.81 | $0.00 | $2,529.81 | | 8/1/2011 | |
| 09/26/11 | Payment applied | PAP | | $1,499.94 | | $243.42 | $931.07 | $325.45 | | | $1,499.94 | $1,029.87 | $1,029.87 | $0.00 | $1,029.87 | 03/01/11 | | $185,970.05 |
| 10/07/11 | Trustee Payment Received | SRT | | | $75.30 | | | | | | $0.00 | $1,105.17 | $1,105.17 | $0.00 | $1,105.17 | | | 7417903 |
| 10/27/11 | Debtor Payment Received | SRP | $1,499.94 | | | | | | | | $1,499.94 | $1,105.17 | $2,605.11 | $0.00 | $2,605.11 | | 9/1/2011 | |
| 10/27/11 | Payment applied | PAP | | $1,499.94 | | $244.64 | $929.85 | $325.45 | | | $0.00 | $1,105.17 | $1,105.17 | $0.00 | $1,105.17 | 04/01/11 | | $185,725.41 |
| 11/09/11 | Trustee Payment Received | SRT | | | $75.30 | | | | | | $0.00 | $1,180.47 | $1,180.47 | $0.00 | $1,180.47 | | | 7422541 |
| 11/29/11 | Debtor Payment Received | SRP | $1,499.94 | | | | | | | | $1,499.94 | $1,180.47 | $2,680.41 | $0.00 | $2,680.41 | | 10/1/2011 | |
| 11/29/11 | Payment applied | PAP | | $1,499.94 | | $245.86 | $928.63 | $325.45 | | | $0.00 | $1,180.47 | $1,180.47 | $0.00 | $1,180.47 | 05/01/11 | | $185,479.55 |
| 12/30/11 | Debtor Payment Received | SRP | $1,499.94 | | | | | | | | $1,499.94 | $1,180.47 | $2,680.41 | $0.00 | $2,680.41 | | 11/1/2011 | |
| 01/03/12 | Trustee Payment Received | SRT | | | $150.60 | | | | | | $1,499.94 | $1,331.07 | $2,831.01 | $0.00 | $2,831.01 | | | 7432553 |
| 02/02/12 | Debtor Payment Received | SRP | $1,499.94 | | | | | | | | $2,999.88 | $1,331.07 | $4,330.95 | $0.00 | $4,330.95 | | | |
| 02/02/12 | Payment applied | PAP | | $1,499.94 | | $247.09 | $927.40 | $325.45 | | | $1,499.94 | $1,331.07 | $2,831.01 | $0.00 | $2,831.01 | 06/01/11 | | $185,232.46 |
| 02/28/12 | 46-BIE-BATCH INSP EXP | SRT | $12.00 | | | | | | | $12.00 | $1,499.94 | $1,319.07 | $2,819.01 | $0.00 | $2,819.01 | | | |
| 02/28/12 | Reverse form Bie-batch insp | FERP | | ($12.00) | | | | | | ($12.00) | $1,499.94 | $1,331.07 | $2,831.01 | $12.00 | $2,819.01 | | | |
| 02/28/12 | Reverse form Bie-batch insp | FERP | | ($12.00) | | | | | | ($12.00) | $1,499.94 | $1,343.07 | $2,843.01 | $24.00 | $2,819.01 | | | |
| 03/08/12 | Debtor Payment Received | SRP | $1,499.94 | | | | | | | | $2,999.88 | $1,343.07 | $4,342.95 | $0.00 | $4,342.95 | | 12/1/2011 | |
| 03/08/12 | Payment applied | PAP | | $1,499.94 | | $248.33 | $926.16 | $325.45 | | | $1,499.94 | $1,343.07 | $2,843.01 | $0.00 | $2,843.01 | 07/01/11 | | $184,984.13 |
| 04/06/12 | Debtor Payment Received | SRP | $1,499.94 | | | | | | | | $2,999.88 | $1,343.07 | $4,342.95 | $0.00 | $4,342.95 | | 1/1/2012 | |
| 04/06/12 | Payment applied | PAP | | $1,499.94 | | $249.57 | $924.92 | $325.45 | | | $1,499.94 | $1,343.07 | $2,843.01 | $0.00 | $2,843.01 | 08/01/11 | | $184,734.56 |
| 04/07/12 | Trustee Payment Received | SRT | | | $36.88 | | | | | | $1,499.94 | $1,379.95 | $2,879.89 | $0.00 | $2,879.89 | | | 7448111 |
| 05/09/12 | Trustee Payment Received | SRT | | | $75.30 | | | | | | $1,499.94 | $1,455.25 | $2,955.19 | $0.00 | $2,955.19 | | | 7453367 |
| 05/11/12 | Debtor Payment Received | SRP | $1,540.37 | | | | | | | | $3,040.31 | $1,455.25 | $4,495.56 | $0.00 | $4,495.56 | | 2/1/2012 | |
| 05/11/12 | Payment applied | PAP | | $1,499.94 | | $250.82 | $923.67 | $325.45 | | | $1,540.37 | $1,455.25 | $2,995.62 | $0.00 | $2,995.62 | 09/01/11 | | $184,483.74 |
| 06/06/12 | Debtor Payment Received | SRP | $1,540.37 | | | | | | | | $3,080.74 | $1,455.25 | $4,535.99 | $0.00 | $4,535.99 | | 3/1/2012 | |
| 06/06/12 | Payment applied | PAP | | $1,499.94 | | $252.07 | $922.42 | $325.45 | | | $1,580.80 | $1,455.25 | $3,036.05 | $0.00 | $3,036.05 | 10/01/11 | | $184,231.67 |
| 06/08/12 | Trustee Payment Received | SRT | | | $75.30 | | | | | | $1,580.80 | $1,530.55 | $3,111.35 | $0.00 | $3,111.35 | | | 7458892 |
| 07/12/12 | Trustee Payment Received | SRT | | | $350.89 | | | | | | $1,580.80 | $1,881.44 | $3,462.24 | $0.00 | $3,462.24 | | | 7463977 |
| 07/30/12 | Rev. from Mis others | SRT | | $12.00 | | | | | | $12.00 | $1,580.80 | $1,869.44 | $3,450.24 | $0.00 | $3,450.24 | | | |
| 08/02/12 | Debtor Payment Received | SRP | $1,540.37 | | | | | | | | $3,121.17 | $1,869.44 | $4,990.61 | $0.00 | $4,990.61 | | 4/1/2012 | |
| 08/02/12 | Payment applied | PAP | | $1,540.37 | | $253.33 | $921.16 | $365.88 | | | $1,580.80 | $1,869.44 | $3,450.24 | $0.00 | $3,450.24 | 11/01/11 | | $183,978.34 |
| 08/13/12 | Debtor Payment Received | SRP | $1,540.37 | | | | | | | | $3,121.17 | $1,869.44 | $4,990.61 | $0.00 | $4,990.61 | | 5/1/2012 | |
| 08/14/12 | Trustee Payment Received | SRP | $1,540.37 | | | $254.60 | $919.89 | $365.88 | | | $1,580.80 | $1,869.44 | $3,450.24 | $0.00 | $3,450.24 | 12/01/11 | | $183,723.74 |
| 09/25/12 | Debtor Payment Received | SRP | $540.41 | | | | | | | | $2,121.21 | $1,869.44 | $3,990.65 | $0.00 | $3,990.65 | | 6/1/2012 | |
| 09/25/12 | Payment applied | PAP | | $1,540.37 | | $255.87 | $918.62 | $365.88 | | | $580.84 | $1,869.44 | $2,450.28 | $0.00 | $2,450.28 | 01/01/12 | | $183,467.87 |
| 10/09/12 | Trustee Payment Received | SRT | | | $51.61 | | | | | | $580.84 | $1,921.05 | $2,501.89 | $0.00 | $2,501.89 | | | 7480098 |
| 10/10/12 | Debtor Payment Received | SRP | $1,540.37 | | | | | | | | $2,121.21 | $1,921.05 | $4,042.26 | $0.00 | $4,042.26 | | 7/1/2012 | |
| 10/10/12 | Payment applied | PAP | | $1,540.37 | | $257.15 | $917.34 | $365.88 | | | $580.84 | $1,921.05 | $2,501.89 | $0.00 | $2,501.89 | 02/01/12 | | $183,210.72 |
| 11/07/12 | Trustee Payment Received | SRP | | | $103.89 | | | | | | $580.84 | $2,024.94 | $2,605.78 | $0.00 | $2,605.78 | | | 7485289 |
| 11/12/12 | Debtor Payment Received | SRP | $1,540.37 | | | | | | | | $2,121.21 | $2,024.94 | $4,146.15 | $0.00 | $4,146.15 | | 8/1/2012 | |
| 11/12/12 | Payment applied | SRP | $540.41 | | | | | | | | $2,661.62 | $2,024.94 | $4,686.56 | ($1,540.37) | $6,226.93 | | | |
| 11/12/12 | Payment applied | PAP | | $1,540.37 | | $258.44 | $916.05 | $365.88 | | | $1,121.25 | $2,024.94 | $3,146.19 | $0.00 | $3,146.19 | 03/01/12 | | $182,952.28 |
| 12/10/12 | Debtor Payment Received | SRP | | | $98.84 | | | | | | $1,121.25 | $2,123.78 | $3,245.03 | $0.00 | $3,245.03 | | | 7490735 |
| 12/17/12 | Debtor Payment Received | SRP | $540.41 | | | | | | | | $1,661.66 | $2,123.78 | $3,785.44 | $0.00 | $3,785.44 | | | |
| 12/19/12 | Payment applied | PAP | | $1,540.37 | | $259.73 | $914.76 | $365.88 | | | $121.29 | $2,123.78 | $2,245.07 | $0.00 | $2,245.07 | 04/01/12 | | $182,692.55 |
| 12/19/12 | Debtor Payment Received | SRP | $1,435.01 | | | | | | | | $1,556.30 | $2,123.78 | $3,680.08 | $0.00 | $3,680.08 | | 9/1/2012 | |
| 01/03/13 | Debtor Payment Received | SR | | | | | | | | | $1,556.30 | $2,123.78 | $3,680.08 | $0.00 | $3,680.08 | | | |
| 01/09/13 | Trustee Payment Received | SRT | | | $99.03 | | | | | | $1,556.30 | $2,222.81 | $3,779.11 | $0.00 | $3,779.11 | | | 7495537 |
| 02/05/13 | Debtor Payment Received | SRP | $540.41 | | | | | | | | $2,096.71 | $2,222.81 | $4,319.52 | ($540.41) | $4,859.93 | | 10/1/2012 | |
| 02/05/13 | Debtor Payment Received | SRP | $1,435.01 | | | | | | | | $3,531.72 | $2,222.81 | $5,754.53 | ($540.41) | $6,294.94 | | 11/1/2012 | |
| 02/06/13 | Payment applied | PAP | | $1,540.37 | | $261.03 | $913.46 | $365.88 | | | $1,991.35 | $2,222.81 | $4,214.16 | $0.00 | $4,214.16 | 05/01/12 | | $182,431.52 |
| 02/07/13 | Debtor Payment Received | SRP | $1,435.01 | | | | | | | | $3,426.36 | $2,222.81 | $5,649.17 | ($1,435.01) | $7,084.18 | | 12/1/2012 | |
| 02/07/13 | Debtor Payment Received | SRP | $540.41 | | | | | | | | $3,966.77 | $2,222.81 | $6,189.58 | ($1,435.01) | $7,624.59 | | | |
| 02/08/13 | Payment applied | PAP | | $1,540.37 | | $262.33 | $912.16 | $365.88 | | | $2,426.40 | $2,222.81 | $4,649.21 | $0.00 | $4,649.21 | 06/01/12 | | $182,169.19 |
| 02/11/13 | Trustee Payment Received | SRT | | | $247.94 | | | | | | $2,426.40 | $2,470.75 | $4,897.15 | $0.00 | $4,897.15 | | | 7500821 |
| 02/23/13 | Debtor Payment Received | SRP | $540.41 | | | | | | | | $2,966.81 | $2,470.75 | $5,437.56 | $0.00 | $5,437.56 | | 1/1/2013 | |
| 02/23/13 | Payment applied | PAP | | $1,540.37 | | $263.64 | $910.85 | $365.88 | | | $1,426.44 | $2,470.75 | $3,897.19 | $0.00 | $3,897.19 | 07/01/12 | | $181,905.55 |
| 03/19/13 | Trustee Payment Received | SRT | | | $248.18 | | | | | | $1,426.44 | $2,718.93 | $4,145.37 | $0.00 | $4,145.37 | | | 7506068 |
| 03/19/13 | Debtor Payment Received | SRP | $1,435.01 | | | | | | | | $2,861.45 | $2,718.93 | $5,580.38 | $0.00 | $5,580.38 | | 2/1/2013 | |
| 04/07/13 | Payment applied | PAP | | $1,540.37 | | $264.96 | $909.53 | $365.88 | | | $1,321.08 | $2,718.93 | $4,040.01 | $0.00 | $4,040.01 | 08/01/12 | | $181,640.59 |
| 04/07/13 | Trustee Payment Received | SRT | | | $248.18 | | | | | | $1,321.08 | $2,967.32 | $4,288.40 | $0.00 | $4,288.40 | | | 7511719 |
| 04/19/13 | Debtor Payment Received | SRP | $1,435.01 | | | | | | | | $2,756.09 | $2,967.32 | $5,723.41 | $0.00 | $5,723.41 | | 3/1/2013 | |
| 04/19/13 | Payment applied | PAP | | $1,540.37 | | $266.29 | $908.20 | $365.88 | | | $1,215.72 | $2,967.32 | $4,183.04 | $0.00 | $4,183.04 | 09/01/12 | | $181,374.30 |
| 06/11/13 | Trustee Payment Received | SRT | | | $247.87 | | | | | | $1,215.72 | $3,215.19 | $4,430.91 | $0.00 | $4,430.91 | | | 7522490 |

EXHIBIT D

| Date | Description | Code | Amt | | | | | | Bal1 | Bal2 | Bal3 | Bal4 | Bal5 | Date | Num | Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/20/13 | Debtor Payment Received | SRP | $1,435.01 | | | | | | $2,650.73 | $3,215.19 | $5,865.92 | $0.00 | $5,865.92 | 4/1/2013 | | |
| 07/10/13 | Trustee Payment Received | SRT | | $994.73 | | | | | $2,650.73 | $4,209.92 | $6,860.65 | $0.00 | $6,860.65 | | 7527856 | |
| **07/12/13** | **Payment Applied From Trustee** | **PAT** | **$1,540.37** | | **$267.62** | **$906.87** | **$365.88** | | $2,650.73 | $2,669.55 | $5,520.28 | **$0.00** | $5,520.28 | 10/01/12 | | |
| **07/12/13** | **Payment Applied From Trustee** | **PAT** | **$1,435.01** | | **$268.96** | **$905.53** | **$260.52** | | $2,650.73 | $1,234.54 | $3,885.27 | **$0.00** | $3,885.27 | 11/01/12 | | |
| 07/12/13 | Payment applied | PAP | $1,435.01 | | $270.30 | $904.19 | $260.52 | | $1,215.72 | $1,234.54 | $2,450.26 | $0.00 | $2,450.26 | 12/01/12 | | $180,567.42 |
| 07/17/13 | Debtor Payment Received | SRP | $1,435.01 | | | | | | $2,650.73 | $1,234.54 | $3,885.27 | $0.00 | $3,885.27 | 5/1/2013 | | |
| 07/29/13 | Debtor Payment Received | SRP | $1,435.01 | | | | | | $4,085.74 | $1,234.54 | $5,320.28 | $0.00 | $5,320.28 | 6/1/2013 | | |
| 08/07/13 | Trustee Payment Received | SRT | | $348.64 | | | | | $4,085.74 | $1,583.18 | $5,668.92 | $0.00 | $5,668.92 | | 7532981 | |
| **08/13/13** | **Payment Applied From Trustee** | **PAT** | **$1,435.01** | | **$271.65** | **$902.84** | **$260.52** | | $4,085.74 | $148.17 | $4,233.91 | **$0.00** | $4,233.91 | 01/01/13 | | |
| 08/13/13 | Payment applied | PAP | $1,435.01 | | $273.01 | $901.48 | $260.52 | | $2,650.73 | $148.17 | $2,798.90 | $0.00 | $2,798.90 | 02/01/13 | | $180,022.76 |
| 09/13/13 | Payment applied | PAP | $1,435.01 | | $274.38 | $900.11 | $260.52 | | $1,215.72 | $148.17 | $1,363.89 | $0.00 | $1,363.89 | 03/01/13 | | $179,748.38 |
| 09/12/13 | Trustee Payment Received | SRT | | $2,340.79 | | | | | $1,215.72 | $2,488.96 | $3,704.68 | $0.00 | $3,704.68 | | 7538687 | |
| **09/17/13** | **Payment Applied From Trustee** | **PAT** | **$1,435.01** | | **$275.75** | **$898.74** | **$260.52** | | $1,215.72 | $1,053.95 | $2,269.67 | **$0.00** | $2,269.67 | 04/01/13 | | |
| 10/09/13 | Trustee Payment Received | SRT | | $553.48 | | | | | $1,215.72 | $1,607.43 | $2,823.15 | $0.00 | $2,823.15 | | 7543797 | |
| 11/20/13 | Debtor Payment Received | SRP | $1,435.01 | | | | | | $2,650.73 | $1,607.43 | $4,258.16 | $0.00 | $4,258.16 | 7/1/2013 | | |
| 11/20/13 | Payment applied | PAP | $1,435.01 | | $277.13 | $897.36 | $260.52 | | $1,215.72 | $1,607.43 | $2,823.15 | $0.00 | $2,823.15 | 05/01/13 | | $179,195.50 |
| 11/26/13 | Debtor Payment Received | SRP | $1,435.01 | | | | | | $2,650.73 | $1,607.43 | $4,258.16 | $0.00 | $4,258.16 | 8/1/2013 | | |
| 11/26/13 | Payment applied | PAP | $1,435.01 | | $278.51 | $895.98 | $260.52 | | $1,215.72 | $1,666.30 | $2,882.02 | $0.00 | $2,882.02 | 06/01/13 | | $178,916.99 |
| 12/07/13 | Trustee Payment Received | SRT | | $58.87 | | | | | $1,215.72 | $1,666.30 | $2,882.02 | $0.00 | $2,882.02 | | 7555058 | |
| 12/07/13 | 46-BIE-BATCH INSP EXP | SRT | $12.00 | | | | | $12.00 | $1,215.72 | $1,654.30 | $2,870.02 | $0.00 | $2,870.02 | | | |
| **12/07/13** | **Payment Applied From Trustee** | **PAT** | **$1,435.01** | | **$279.91** | **$894.58** | **$260.52** | | $1,215.72 | $219.29 | $1,435.01 | ~~**$0.00**~~ | ~~$1,435.01~~ | 07/01/13 | | |
| 12/18/13 | Payment applied to Escrow | SRP | $158.29 | | | $158.29 | | | $1,057.43 | $219.29 | $1,276.72 | $0.00 | $1,276.72 | | | $178,637.08 |

| Total funds received for post petition | $49,345.88 |
|---|---|
| Total funds applied for post petition | $49,293.45 |
| Funds in  post petition suspense | $52.43 |
| Funds in Pre Petition suspense | $0.00 |
| A/c is Contractual next due for | 8/1/2013 |
| A/c is post Next due for | 9/1/2013 |

| Monthly payment Debtor need to pay | |
|---|---|
| Month | amount |
| 12/1/2010 | $1,499.94 |
| 1/1/2011 | $1,499.94 |
| 2/1/2011 | $1,499.94 |
| 3/1/2011 | $1,499.94 |
| 4/1/2011 | $1,499.94 |
| 5/1/2011 | $1,499.94 |
| 6/1/2011 | $1,499.94 |
| 7/1/2011 | $1,499.94 |
| 8/1/2011 | $1,499.94 |
| 9/1/2011 | $1,499.94 |
| 10/1/2011 | $1,499.94 |
| 11/1/2011 | $1,499.94 |
| 12/1/2011 | $1,540.37 |
| 1/1/2012 | $1,540.37 |
| 2/1/2012 | $1,540.37 |
| 3/1/2012 | $1,540.37 |
| 4/1/2012 | $1,540.37 |
| 5/1/2012 | $1,540.37 |
| 6/1/2012 | $1,540.37 |
| 7/1/2012 | $1,540.37 |
| 8/1/2012 | $1,540.37 |
| 9/1/2012 | $1,540.37 |
| 10/1/2012 | $1,540.37 |
| 11/1/2012 | $1,435.01 |
| 12/1/2012 | $1,435.01 |
| 1/1/2013 | $1,435.01 |
| 2/1/2013 | $1,435.01 |
| 3/1/2013 | $1,435.01 |
| 4/1/2013 | $1,435.01 |
| 5/1/2013 | $1,435.01 |
| 6/1/2013 | $1,435.01 |
| 7/1/2013 | $1,435.01 |
| 8/1/2013 | $1,435.01 |
| 9/1/2013 | $1,435.01 |
| 10/1/2013 | $1,433.64 |
| 11/1/2013 | $1,433.64 |
| 12/1/2013 | $1,433.64 |
| 1/1/2014 | $1,433.64 |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| In re: | CHAPTER 13 |
|--------|------------|
| **NANCY AUSTIN**<br>        Debtor. | CASE NO. 10-95385-crm |

## CERTIFICATE OF SERVICE

I, S. Andrew Shuping, Jr., certify that I am over the age of 18 and that on the 28th day of February, 2014, I served a copy of the foregoing Motion for Relief from Stay and Notice of Hearing by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

NANCY AUSTIN
4579 GLENFOREST DRIVE NE
ROSWELL, GA 30075

ERIC CARTER
The Carter Law Firm Group, P.C.
191 Peachtree Street, NE
suite 3300
Atlanta, GA 30303

NANCY J. WHALEY
303 Peachtree Center Avenue
Suite 120
Atlanta, GA 30303


By: /s/ S. Andrew Shuping, Jr.
 S. ANDREW SHUPING, JR.
 Attorney for Movant
 6259 Riverdale Road
 Riverdale, GA 30274